UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. THERIOT,

                Plaintiff,                          No. 13-14559

vs.                                                Hon. Gerald E. Rosen

STATE OF MICHIGAN, DEPARTMENT
OF HUMAN SERVICES, et al.,

                Defendants.
_____/

OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(e)(2) AND
ENJOINING FUTURE FILINGS ABSENT LEAVE OF COURT

                At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on November 08, 2013

                PRESENT:    Honorable Gerald E. Rosen
                                    Chief Judge, United States District Court

On November 1, 2013, Plaintiff Cheryl L. Theriot filed a *pro se* complaint, purportedly pursuant to 42 U.S.C. § 14141 and 18 U.S.C. § 1851, against the State of Michigan, Department of Human Services, the Wayne County Prosecutor, and the Third Judicial Circuit Friend of the Court complaining about the prosecution of the father of one of Plaintiff's children apparently for failure to pay for the child's support and the Friend of the Court's requirement that Plaintiff cooperate in the prosecution of the case. These actions, Plaintiff claims, violated her civil rights. Plaintiff has been granted permission to proceed with this action *in forma pauperis*, without prepayment of the filing fee under 28

1

U.S.C. § 1915.

After careful consideration, the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Burgery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

Having reviewed Plaintiff Theriot's complaint in the instant action, the Court concludes -- as it did with regard to three previous actions filed by Plaintiff against some of these same Defendants[1] --  that the complaint fails to state a claim upon which relief may be granted and seeks monetary relief from defendants who are immune from such relief.

A.     NO PRIVATE CAUSE OF ACTION MAY BE BROUGHT UNDER 42 U.S.C. § 14141 OR 18 U.S.C. § 1851

Plaintiff purports to bring this action under 42 U.S.C. § 14141 and 18 U.S.C. § 1851. As an initial matter, the Court notes that 18 U.S.C. § 1851 has nothing to do with

---

[1] *See Theriot v. Wayne County Prosecutor,* No. 11-13158; *Theriot v. Wayne County Prosecutor,*  No. 11-13161; *Theriot v. Wayne County Prosecutor*,  No. 11-13413.  All told, over the course of the last three years, Plaintiff has filed no fewer than 15 complaints *in forma pauperis.* She succeeded in none of these actions.  No fewer than five of the complaints were summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). The others were dismissed on motions.

"human or civil rights."  Rather, it makes it a crime for a person to mine or remove coal from federal lands.  Presumably, Plaintiff inverted the numbers and meant to bring suit under 18 U.S.C. § 1581. This statute makes it a crime to hold another individual in a condition of peonage (involuntary servitude).  Plaintiff contends by requiring her cooperation in the prosecution of her child's husband "Defendants have created a condition of peonage and involuntary servitude" for her and her family. However, only the United States Attorney may prosecute an action under a criminal statute; no private right of action exists.

Similarly, an action under 42 U.S.C. § 14141[2] may only be brought by the United States Attorney General.  *See* 42 U.S.C. § 14141(b).  A private individual lacks standing to pursue an action under this statute.  However, even assuming arguendo that Plaintiff could bring an action under Section 14141, the Defendants named in this suit are cloaked with absolute immunity.

A.      THE WAYNE COUNTY PROSECUTOR AND THE FRIEND OF THE COURT

---

[2] 42 U.S.C. § 14141 provides:

It shall be unlawful for any governmental authority or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges or immunities secured or protected by the Constitution or laws of the United States.

42 U.S.C. § 14141(a).

ARE CLOAKED WITH ABSOLUTE PROSECUTORIAL AND QUASI-JUDICIAL IMMUNITY

Plaintiff has brought her suit against the Wayne County Prosecutor, the State of Michigan Department of Human Services, and the Friend of the Court. A prosecutor, however, is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachman*, 424 U.S. 409, 431 (1976); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Likewise, a prosecutor is absolutely immune from civil suit based on a decision whether or not to prosecute or to terminate a prosecution. *Dohaish v. Tooley*, 670 F.2d 934 (10th Cir. 1982); *Curry v. Jensen*, 523 F.2d 387 (9th Cir. 1975), *cert. denied*, 423 U.S. 998 (1975); *Turack v. Guido*, 464 F.2d 535 (3rd Cir. 1972). "Absolute prosecutorial immunity is not defeated by showing that a prosecutor acted wrongfully or even maliciously [because] the decision to prosecute. . . 'even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler*.'" *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

Courts will bar § 1983 suits arising out of even unquestionably illegal or improper conduct by the prosecutor so long as the general nature of the action in question is part of the normal duties of a prosecutor. *Imbler*, 424 U.S. at 413; *Burns v. Reed*, 500 U.S. 478, 490-91 (1991). Consistent with *Imbler* and *Burns*, the Sixth Circuit has repeatedly held that *all* of a prosecutor's activities intimately associated with the judicial phase of the criminal process, including acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. *Brooks v. Rothe*, 577 F.3d 701,

712 (6th Cir. 2009); *Adams v. Hanson*, 656 F.3d 397, 401-04 (6th Cir. 2011); *Cady v. Arenac County*, 574 F.3d 334, 341 (6th Cir. 2009); *Joseph v. Patterson*, 795 F.2d 549 (6th Cir.1986).

Likewise, the Friend of the Court and friend of the court employees acting in their official capacities are entitled to absolute immunity. *See Johnson v. Granholm*, 662 F.2d 449 (6th Cir. 1981); *Tidik v. Ritsema*, 938 F. Supp. 416, 422-23 (E.D. Mich. 1996).

In *Tidik*, the plaintiff filed a Section 1983 action against numerous defendants, including several employees of the Third Judicial Circuit (Wayne County) Friend of the Court. Tidik alleged that the defendants were involved "in a complex conspiracy" to violate his constitutional rights during a divorce action pending in Wayne County Circuit Court. In granting the defendants' motion to dismiss, the court stated:

> The doctrine of absolute judicial immunity is extended to persons whose duties are essentially adjudicative or prosecutorial in nature. *Watts v. Burkhart*, 978 F.2d 262, 274 (6th Cir. 1992) (extending absolute immunity to medical board examiners) (citing rationale of *Briscoe v. LaHue*, 460 U.S. 325, 75 L.Ed.2d 96, 103 S.Ct. 1108 (1983).
>
> The immunity of participants in the judicial process stems from specific characteristics of the process itself. *Watts*, 978 F.2d at 273 (citing *Butz*, 438 U.S. 478, 512). For instance, "the controversies with which the process deals are often intense, and the loser, given an opportunity to do so will frequently charge the participants in the process with unconstitutional animus. . ." 978 F.2d at 273. Therefore, "absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz*, 438 U.S. 512. Under these standards, Defendants Lynn Watson, Court Clerk of the Third Circuit Court; John LeMire, Referee for Friend of the Court; and David March, Staff Attorney for Friend of the Court, are immune from suit. Their duties clearly qualify as adjudicative or prosecutorial.

5

> Likewise, it is settled that social workers and their supervisors who work in conjunction with the courts regarding child neglect and delinquency proceedings are absolutely immune from suit. *Kurzawa v. Mueller*, 732 F,2d 1456, 1458 (6th Cir. 1984) (extending absolute immunity to three Michigan Department of Social Services employees, a psychiatrist, psychologist and an attorney. This level of immunity allows the tasks necessary to protect children be done "without the worry of intimidation and harassment from dissatisfied parents," *Salyer v. Patrick*, 874 F.2d 374, 378 (6th Cir. 1989) (citing *Kurzawa, Id.*) Accordingly Defendant social worker David Manville is entitled to perform his duties without harassment or the threat of vexatious litigation. The same is true for Gerhard Ritsema, Director of Wayne County Friend of the Court and chief overseer of a department responsible for the well-being of children.

938 F. Supp. at 422-23.

As Plaintiff's Complaint is predicated upon the actions taken by Wayne County Prosecutor and the Third Judicial Circuit (Wayne County) Friend of the Court in prosecuting the father of one of Plaintiff's children for non-payment of child support, no claim for damages against these Defendants will lie as they are absolutely immune from suit.

B.   THE STATE OF MICHIGAN IS PROTECTED BY ELEVENTH <u>AMENDMENT IMMUNITY</u>

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. As the Supreme Court noted over a century ago, the Eleventh Amendment recognized "first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without

6

its consent." *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Hans v. Louisiana*, 134 U.S. 1, 13 (1890) (quoting *The Federalist* No. 81 (Alexander Hamilton))) (internal quotation marks omitted).

Accordingly, an individual citizen may sue a state as such only if the state has waived its immunity and plainly consented to the suit or if Congress has legitimately abrogated the state's immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). Courts have further construed the Eleventh Amendment to proscribe suits by citizens against their own state in federal court, despite the literal textual limitation of the Amendment to suits against "another State." *Hans v. Louisiana*, 134 U.S. 1, 15-18 (1890); *see* U.S. Const. amend. XI; *see also Pennhurst*, 465 U.S. at 100; *Seminole Tribe*, 517 U.S. at 54.

Furthermore, a plaintiff may not circumvent the Eleventh Amendment by simply naming a state agency or entity as a defendant as such agencies or entities constitute "arms of the State." *Brotherton v. Cleveland*, 173 F.3d 552, 559-60 (6th Cir. 1999) (citing *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 44-51 (1994)).

C.  PLAINTIFF'S CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE

In addition to damages, in her Complaint, Plaintiff also asks the Court to nullify and set aside the judgment and ruling of the Wayne County Circuit Court in *Theriot v. Burrell*, No. 2013-162829-DP. This is the action brought by the Friend of the Court against the

father of one of Plaintiff's children. The Court lacks jurisdiction to grant the relief Plaintiff requests.

It is axiomatic that federal courts lack appellate jurisdiction over state court judgments in connection with modifying them or vacating them. *Rooker v. Fidelity Trust Co.*, 263 U.S. 412, 44 S.Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303 (1983). The Supreme Court's decisions in these two cases, taken together, stand for the proposition that the inferior federal courts lack the authority to perform, in effect, what would be an appellate review of state court decisions. This rule has become known as the *Rooker-Feldman* doctrine.

In *Rooker*, the plaintiffs brought an action in a federal district court claiming that an Indiana state statute violated their federal constitutional rights, even though the issues which the plaintiffs raised had been decided by an Indiana Circuit Court and affirmed by the Indiana Supreme Court. In affirming the federal district court's dismissal of the action based on lack of jurisdiction, the United States Supreme Court stated that the state courts had jurisdiction to determine the constitutional validity of the state's statutes and, until reversed or modified by a state court, the state judgment would be an effective and conclusive adjudication, even before an inferior federal court. 263 U.S. at 415. In particular, the Court held that the inferior federal courts lacked jurisdiction to entertain a proceeding to reverse or modify a state court judgment since it would be an exercise of appellate jurisdiction and the jurisdiction possessed by the federal district court is strictly original. *Id.* at 414-17.

In *Feldman*, the plaintiff submitted to the District of Columbia Court of Appeals a petition for admission to the bar of the District of Columbia after he had been refused the right to take the bar examination because he had not graduated from an approved law school, as required by the District of Columbia rules. After the District of Columbia Court of Appeals denied the plaintiff's petition, he brought an action in a federal district court alleging that he had a right to take the bar exam pursuant to the Fifth Amendment, and that, denying him this right, due to his law school's lack of accreditation, was a violation of the Fifth Amendment and the Sherman Act. In finding that the federal district court had no jurisdiction over this matter, the U.S. Supreme Court held that plaintiffs seeking review of state court decisions must first exhaust the appellate review available to them at the state court level after which their only recourse is to appeal to the United States Supreme Court. *Feldman*, 460 U.S. at 486.

The Supreme Court synthesized this rule in *Exxon Mobil Corporation v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517 (2005), explaining that the *Rooker-Feldman* doctrine applies to

> cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

544 U.S. at 284, 125 S.Ct. at 1521.

Thus, where the source of a plaintiff's injury is a state court decision, *Rooker-Feldman* bars a federal district court from hearing the plaintiff's claims. *See McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see also Howard v. Whitbeck*, 2007 WL

29779 (6th Cir., Jan. 5, 2007). It is only where the plaintiff's complaint stands independent of the state court judgment that *Rooker-Feldman* will not apply. *McCormick, supra* 451 F.3d at 393-394. However, merely phrasing a complaint as seeking redress for an injury caused by the *defendants' actions* (as opposed to injury caused by a state court decision) is not enough; if the defendants' actions are the product of the state court judgment, then the plaintiff's challenge of those actions is in fact a challenge of the judgment itself, and, therefore, is barred under *Rooker-Feldman*. *See id*., 451 F.3d at 394. *See also Fieger v. Ferry*, 471 F.3d 637, 644 (6th Cir. 2006) (holding that Fieger's federal complaint was barred by the *Rooker-Feldman* doctrine to the extent that he sought a declaration that the Michigan Supreme Court Justices violated his constitutional rights when they refused to recuse themselves from his prior cases because such a declaration would require the federal court to review the Justices' past recusal decisions); *Lawrence v. Welch*, 531 F.3d 364, 368-370 (6th Cir. 2008) (plaintiff's claim that defendants violated his First and Fourteenth Amendment rights by denying his application for admission to practice law in Michigan is a direct attack on a state court judgment and thus barred by *Rooker-Feldman*); *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) (holding that *Rooker-Feldman* doctrine applied and precluded review of any claims arising directly out of plaintiff's state disbarment proceedings or the Ohio Supreme Court's disbarment order); *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87-88 (2nd Cir. 2005) (finding that the plaintiffs' challenge to a county board of election's refusal to tally certain absentee ballots was in fact a challenge of the state court judgment which found that the absentee

ballots were invalid.)

By application of the foregoing, the Court concludes that Plaintiff's request for nullification of the state court's judgment and ruling in *Theriot v. Burrell*, No. 2013-162829-DP is barred by the *Rooker-Feldman* doctrine.

## CONCLUSION

For all of the reasons stated above, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted. Therefore,

IT IS HEREBY ORDERED that Plaintiff's *ifp* complaint is hereby DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2).

As indicated above, this is Plaintiff's fifteenth *ifp* action, the sixth such action dismissed pursuant to 28 U.S.C. § 1915(e)(2), and the fourth in which Plaintiff has raised frivolous complaints against the Wayne County Prosecutor even after having been repeatedly informed by the Court that the Prosecutor is cloaked with absolute immunity and, therefore, not subject to suit. Plaintiff's repetitive filing of frivolous lawsuits has wasted a substantial amount of the Court's time and resources. Therefore, the Court finds that an imposition of a bar on Plaintiff's ability to file further lawsuits *ifp* is necessary. Accordingly,

IT IS FURTHER ORDERED that Plaintiff is ENJOINED from filing any future complaints *in forma pauperis* in this district arising out of, or related to, any actions prosecuted in the state court unless Plaintiff receives prior authorization from this Court.

IT IS FURTHER ORDERED that any complaint that Plaintiff seeks to file must be

accompanied by an application for permission to file the pleading demonstrating (1) that Plaintiff's allegations are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law and that the factual allegations have, or are likely to have, evidentiary support, and (2) that Plaintiff has not filed the pleading for any improper purpose, including the harassment of any party, the causing of unnecessary delay in this or any other action, or the needless increase in the cost of litigation.

Plaintiff is specifically cautioned that any attempt to file without first securing the required leave of the Court, or any request for leave that is frivolous or appears to have been submitted for an improper purpose, may result in the imposition of sanctions or the initiation of contempt proceedings.

IT IS FURTHER ORDERED that any appeal from this order would be frivolous and not in good faith. Therefore, leave to appeal *in forma pauperis* will be DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: November 8, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 8, 2013, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135